IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| BRIAN C. FRANKENFIELD | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 9:23-CV-230 |
| | § | |
| B. SMITH, *et al.*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Brian C. Frankenfield, a state prisoner currently confined at the Gib Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants B. Smith, H. Glover, and Unknown.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Background

The complaint was originally filed in the Southern District of Texas on November 29, 2023 (Doc. # 1). The complaint was then transferred to the Eastern District of Texas, Tyler Division on December 7, 2023 (Doc. # 3). On December 20, 2023, the case was transferred again to this court. Venue is proper in the Eastern District of Texas, Lufkin Division. Plaintiff has not paid the filing fee nor filed an application to proceed *in forma pauperis*. On this same day, the court also entered an order requiring Plaintiff to pay the full filing fee of $405.00 or submit an application to proceed *in forma pauperis*, accompanied with a certified income trust statement for the preceding six month period.

A review of Plaintiff's complaint, however, reveals it is nonsensical, fanciful and delusional. While Plaintiff generally alleges he is "repeatedly harassed, sexually, physically" and his health complaints are ignored, he also alleges the following:

> TDCJ is allowing Erin Griffin a Federal Agent to use their [sic] intercom system to perform an infra sound/frey effect/microwave auditory effect, investigation that is some psi-op/gang stalking [sic].
>
> They get on and talk about my grandmother being dead, stealing my identity and all kinds of fu---- up shit.  I can't even take my meds!  This "Investigation" is harassment and a violation of 18 USCS § 242.  She & her handler are breaking the law.  Man I can't even sleep without them running wierd [sic] guided dreams, and shocking me with microwaves.

Original Complaint (Doc. # 1).

## Analysis

A review of the petition reveals that it is incomprehensible.  A district court may dismiss a complaint under screening if it concludes that the action is frivolous or malicious.  28 U.S.C. § 1915A.  An action is frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 1934 (5th Cir. 1997).  A claim may be deemed to lack an arguable basis in fact only if it is based upon factual allegations that are clearly fanciful or delusional in nature.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

This claim is without an arguable basis in fact or law.  The present *pro se* litigant does not present a logical set of facts which would enable the court to determine the factual or legal basis for any cause of action.  Instead, his complaint recites fantastic charges which are incomprehensible. Although these matters are real to him, the allegations are so fanciful that a reasonable person would find them irrational and completely lacking any factual basis.  Dismissal, therefore, is clearly warranted under these circumstances.

### Recommendation

The present *pro se* complaint should be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

### Objections

Within fourteen (14) days after receipt of the Magistrate Judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 5th day of January, 2024.

_____
Zack Hawthorn
United States Magistrate Judge